**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**INTERSCOPE RECORDS**, a California general partnership; **ELEKTRA ENTERTAINMENT GROUP INC.**, a Delaware corporation; **BMG MUSIC**, a New York general partnership; **ARISTA RECORDS LLC**, a Delaware limited liability company; **WARNER BROS. RECORDS INC.**, a Delaware corporation; **SONY BMG MUSIC ENTERTAINMENT**, a Delaware general partnership; **UMG RECORDINGS, INC.**, a Delaware corporation; and **VIRGIN RECORDS AMERICA, INC.**, a California corporation,

**CASE NO: 5:05-CV-0102 (NAM/GHL)**

                **Plaintiffs,**

vs.

**SAM OWUSU,**

                **Defendant.**

---

**APPEARANCES:**

Wolford & Leclair LLP
600 Reynolds Arcade Building
16 East Main Street
Rochester, New York 14614
For Plaintiffs

**OF COUNSEL:**

Steven E. Cole, Esq.

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### ORDER

### Introduction

Presently before the Court is plaintiffs' motion for an order granting default judgment against defendant Sam Owusu on the first and only cause of action in the Complaint, infringement of copyrights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*, an award of statutory damages pursuant to 17 U.S.C. § 504(a), an award of costs, and permanent injunctive relief.

-1-

According to plaintiffs' pleading and submissions, plaintiffs are the copyright owners or licensees of exclusive rights under the Copyright Act with respect to various sound recordings. Plaintiffs possess the exclusive rights, under the Copyright Act, to reproduce and distribute these recordings to the public. Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 40 on the album cover of each of these sound recordings, published copies of which are widely available and accessible.

Plaintiffs allege in the complaint that defendant, without their permission or consent, has used and continues to use an online media distribution system to download the copyrighted recordings and make them available for distribution to others. Plaintiffs aver that defendant's willful and intentional acts of infringement have violated plaintiffs' exclusive rights of reproduction and distribution and infringed plaintiffs' copyrights in violation of the Copyright Act. As a result, plaintiffs seek statutory damages in the amount of $750 per recording, an award of costs in the amount of $275, and entry of a permanent injunction.

**Discussion**

Under Rule 55(b) of the Federal Rules of Civil Procedure, default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y. 1987). Rule 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before their motion for default judgment may be granted. Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit showing that defendant is not an infant or incompetent, or in the military service. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1

and 55.2.

Plaintiffs filed a complaint on January 27, 2005, and filed an amended complaint on May 17, 2005. Plaintiffs filed proof of service of the amended summons and complaint on June 8, 2005. Defendant has not answered or otherwise appeared in this action. On September 9, 2005, plaintiffs requested and obtained a Clerk's Entry of Default. Plaintiffs have submitted an affidavit by their counsel asserting that defendant is not in the military service and is neither an infant nor incompetent. Therefore, because plaintiffs have fulfilled the procedural prerequisites for default judgment and defendant has not opposed the present motion, the Court will address liability.

*Liability*

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 61415, *1 (W.D.N.Y. June 28, 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992)). The allegations in plaintiffs' complaint are therefore presumed accurate. To establish copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pub'ls, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citation omitted); *see Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir.) ("To establish an infringement of a copyright, a plaintiff must show both ownership of a copyright and that defendant copied the protected material without authorization.") (citations omitted), *cert. denied*, 506 U.S. 934 (1992).

According to the complaint, each of the sound recordings at issue in this case is subject to a valid Certificate of Copyright Registration issued by the Register of Copyrights and are owned

by or licensed to one or more of the plaintiffs. The complaint further alleges that defendant, without plaintiffs' permission or consent, has used and continues to use an online media distribution system to download, distribute, and/or to make available for distribution to others the sound recordings at issue in this case. Therefore, defendant's conduct, as alleged violates the Copyright Act. Accordingly, plaintiffs are entitled to default judgment pursuant to Fed. R. Civ. P. 55.

### *Damages*

As previously stated, plaintiffs also seek an award of damages and costs, and entry of a permanent injunction. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. Accordingly, this matter is hereby referred to the Honorable George H. Lowe: for the purpose of conducting a hearing, if the Magistrate Judge concludes one is necessary, pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs' damages; to prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such costs and damages upon which he determines plaintiffs are entitled to have judgment entered; and to make proposed findings of fact and conclusions of law regarding plaintiffs' request for entry of a permanent injunction.

### **Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that in view of default by defendant Sam Owusu in failing to answer the

Complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant on September 9, 2005, and no appearance or objection having been made by defendant since that time, plaintiffs' motion for default judgment against defendant is **GRANTED**; and it is further

**ORDERED** that this matter is referred to the Honorable George H. Lowe for the purpose for the purpose of conducting a hearing, if the Magistrate Judge concludes one is necessary, pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs' damages; and it is further

**ORDERED** that Magistrate Judge Lowe prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such costs and damages upon which he determines plaintiffs are entitled to have judgment entered as well as proposed findings of fact and conclusions of law regarding plaintiffs' request for entry of a permanent injunction.

**IT IS SO ORDERED.**

Dated: September 26, 2006
       Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge