UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

INTERSCOPE RECORDS *et al.*,

        Plaintiffs,

v.

5:05-CV-0102
(NAM/GHL)

SAM OWUSU,

        Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

WOLFORD & LECLAIR, LLP                   STEVEN E. COLE, ESQ.
  Counsel for Plaintiff
16 East Main Street
600 Reynolds Arcade Bldg.
Rochester, NY 14614

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

## **REPORT and RECOMMENDATION**

      Plaintiffs, the copyright owners or licensees of exclusive rights with respect to twelve copyrighted sound recordings, commenced this action against Defendant Sam Owusu alleging copyright infringement, in violation of the Copyright Revision Act of 1976 (the "Act"), 17 U.S.C. § 101 *et seq.* Plaintiffs' Amended Complaint asserts that the infringements occurred through Defendant's use of an online media distribution system to download the copyrighted sound recordings and to distribute and make them available to others in that fashion. Plaintiffs seek various relief available under the Act including, *inter alia*, statutory damages and a permanent injunction.

Defendant's liability for copyright infringement has been established as a result of his default, and the matter has been referred to me both for issuance of a Report and Recommendation regarding the amount of statutory damages to be awarded and for findings in connection with Plaintiffs' request for the entry of a permanent injunction.  For the reasons set forth below, I find that, since Plaintiffs seek only minimum statutory damages, no evidentiary hearing is required, and I recommend that their request for statutory damages be granted.  I further find that Plaintiffs are entitled to the entry of a permanent injunction based upon the allegations set forth in their Amended Complaint and the presumption that, unless such relief is awarded, they will experience irreparable harm.

**I.    BACKGROUND**[1]

Plaintiffs are the owners or exclusive licensees under the Act with respect to the twelve copyrighted sound recordings listed in an attachment to their Amended Complaint.  (Dkt. No. 10) ¶ 14.  Notwithstanding the protections afforded to them under the Act, Defendant, without Plaintiffs' permission or consent, has utilized, and continues to utilize, "an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others."  *Id.* ¶ 16.

Plaintiffs commenced this action on January 27, 2005.  The Amended Complaint was filed on May 17, 2005.  Dkt. No. 10.  According to a return of service filed with the Court, the summons and Amended Complaint were served upon Defendant on May 26, 2005.  Dkt. No. 13.

---

[1] The allegations set forth in Plaintiffs' Amended Complaint relating to liability are established by virtue of Defendant's default.  *See Transatl. Marine Claims Agency, Inc. v. Ace*, 109 F.3d 105, 108 (2d Cir. 1997).

At Plaintiffs' request, based upon Defendant's failure to answer or otherwise properly appear in the action in a timely manner, Defendant's default was entered by the Clerk on September 9, 2005. Dkt. No. 16.

On October 27, 2005, Plaintiffs moved for the entry of default judgment granting the relief requested in their Amended Complaint. Dkt. No. 11. That motion, which was not opposed by Defendant, resulted in the issuance, on September 26, 2006 by Chief District Judge Norman A. Mordue, of an Order granting Plaintiffs' motion and referring the matter to me for the purpose of determining the proper amount of damages to be awarded and making proposed findings to address Plaintiffs' request for the entry of a permanent injunction. Dkt. No. 20.

## II.     DISCUSSION

### A.     Statutory Damages

Under the remedial scheme crafted by the drafters of the Act and its predecessor, the Copyright Act of 1909, in the event of a proven infringement a copyright owner is permitted to recover either actual damages plus additional profits realized by the infringer or, alternatively, statutory damages, and to choose between these two forms of monetary relief. 17 U.S.C. § 504(a). Addressing statutory damages, the Act goes on to provide, in relevant part, that

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages of all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1); *see Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 191 (1st Cir. 2004). Under this provision, "[a] plaintiff may elect statutory damages 'regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's

3

profits.'" *Columbia Pictures Telev., Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (quoting Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[A] [2000]). Statutory damage awards serve both to fulfill a compensatory or restitutionary role and to discourage wrongful conduct. *Venegas-Hernandez*, 370 F.3d at 195-96; *Cass County Music Co. v. Khalifa*, 914 F. Supp. 30, 34-35 (N.D.N.Y.) (McAvoy, C.J.), *aff'd*, 112 F.3d 503 (2d Cir. 1996). To effectuate those twin compensatory and punitive purposes, the Copyright Act establishes a wide range within which statutory damages may be awarded.[2] *See Venegas-Hernandez*, 370 F.3d at 195-96. The determination as to the amount of damages to be awarded, within the prescribed range, rests entirely within the court's discretion. *F.W. Woolworth Co. v. Contemp. Arts,* 344 U.S. 228, 231-32, 73 S. Ct. 222, 224-25 (1952); *Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.*, 725 F.2d 1, 2-3 (1st Cir. 1983).

In cases where minimum statutory damages are sought, once infringement is established it is unnecessary to conduct a trial or, in the case of a default judgment, a damage inquest or hearing. *Motown Record Co. v. Armendariz*, 05-CV-0357, 2005 WL 2645005, at *2 (W.D. Tex. Sept. 22, 2005); *Sony Music Entm't Inc. v. Elias*, 03-CV-6387, 2004 WL 141959, at *4 (C.D. Cal. Jan. 20, 2004); *see also Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002) (no abuse of discretion to decline a request for a hearing when awarding statutory damages within the prescribed statutory damage range), *accord*, *Fonovisa, Inc. v. Merino*, 06-CV-3538, 2006 WL

---

[2]   That deterrence of infringing conduct is an important element of statutory damages under the Act is demonstrated by the fact that since adoption in 1976 of the present Copyright Act Congress has twice increased the statutory damages range under section 504(c)(1), increasing the minimums and maximums, respectively, from $250 to $500 and $10,000 to $20,000 in 1988, *see* P.L. 100-568, 102 Stat. 2853, 2860 (Oct. 31, 1988), and again in 1999 to the current range of between $750 and $30,000, *see* Pub. L. 106-160, 113 Stat. 1774 (Dec. 9, 1999).

3437563, at *2 (D.N.J. Nov. 27, 2006); *cf. Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999) (while, in the case of a default judgment, substantive allegations in a plaintiff's complaint are accepted as true, any averments with regard to the amount of *actual* damages are not deemed established, and instead, where *actual* damages are sought, the court must conduct an inquiry to ascertain with reasonable certainty the amount of *actual* damages [emphasis added]).  In this action, in lieu of *actual* damages and/or the infringer's profits, Plaintiffs have exercised their right to elect to recover *statutory* damages, seeking only the minimum statutory damages of $750 per work.[3]  Under the circumstances now presented, the Court is powerless to award less than the amount sought by Plaintiffs.[4]  I therefore recommend that the court's judgment include an award of statutory damages in the amount of $750 for each of the twelve works infringed, for a total statutory damage award of $9,000.

---

[3] Statutory damages are awardable on the basis of the number of protected works infringed, rather than the number of infringements. *WB Music Corp. v. RTV Commc'n Group, Inc.*, Dkt. Nos. 04-3890-CV, 04-3892-CV, 04-3901-CV, 2006 WL 1014089, at *2 (2d Cir. Apr. 19, 2006); *Venegas-Hernandez*, 370 F.3d at 192-93.

[4] Even if the Court were persuaded that Defendant's conduct did not merit a damage award of $750 per sound recording, the Court would not be authorized to award less.  As one court from within this Circuit has noted with regard to statutory damages under 42 U.S.C. § 605(e), a provision similar to section 504(c), notwithstanding any reservations about inequity of the statutory damage scheme established by law, a court "lacks the discretion to award a sum less than the minimum damages specified. . . .  Congress has made its choice, and [the courts] must abide by the law as best [they] can."  *Int'l Cablevision, Inc. v. Noel*, 982 F. Supp. 904, 911 (W.D.N.Y. 1997).

One could argue that a hearing is necessary in order to determine if Defendant qualifies for reduction of statutory damages to not less than $200 per work under 17 U.S.C. § 504(c)(2), based upon a finding of innocent infringement.  Innocent infringement, however, is a defense on which the infringer bears the burden, and thus a defaulting infringer does not qualify for such a reduction of statutory damages.  *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990).

B.     **Permanent Injunction**

In an action such as this, the Copyright Act authorizes a court to grant a permanent injunction "on such terms as [the court] may deem reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a). Permanent injunctions are routinely awarded in favor of copyright owners whose protected works have been misappropriated in order to serve the public's interest in upholding copyright protections. *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir.) (citation omitted), *cert. denied*, 510 U.S. 916, 114 S. Ct. 307 (1993). Permanent injunctions are awardable as relief even in a case where judgment is entered based upon an infringer's default. *See*, *e.g.*, *Claremont Flock Corp. v. Alm*, 281 F.3d 297, 298-300 (1st Cir. 2002); *Motown Record Co.,* 2005 WL 2645005, at *4; *Virgin Records America, Inc. v. Yancy*, No. 5:05-CV-370, slip op. at 7 (N.D.N.Y. Aug. 5, 2005) (Scullin, C.J.). When a plaintiff has satisfied the requirements for entry of a permanent injunction under the Act, the prohibitions includable in such an injunction are not limited to unauthorized reproduction and/or distribution of the works in suit; instead, a permanent injunction may include a prohibition upon infringement of other works owned or licensed exclusively by the plaintiffs, including any copyrighted works which may later come into existence, particularly where there is a substantial threat of continued, ongoing infringing activity. *Cf. Sony Music Entm., Inc. v. Global Arts Prods.*, 45 F. Supp.2d 1345, 1347 (S.D. Fl. 1999); *Broad. Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 659 (S.D.N.Y. 1996) (granting a permanent injunction against unauthorized performance of any copyrighted compensations licensed through Broadcast Music, Inc. ("BMI"), a performing rights licensing organization); *Pedrosillo Music, Inc. v. Radio Musical, Inc.*, 815 F. Supp. 511, 516 (D. P.R. 1993) (enjoining further infringement of any

copyright licensed through the American Society of Composers, Authors and Publishers ("ASCAP"), also a performing rights licensing organization).  In a case of this nature, the issuance of a permanent injunction under section 502 is appropriate upon a finding of liability for copyright infringement and "a substantial likelihood of further infringement of Plaintiffs' copyrights." *Motown Record Co.*, 2005 WL 2645005, at *3 [citations omitted]; *see also Elias*, 2004 WL 141959, at *4-*5.

In recommending the issuance of the requested permanent injunction, I make the following findings each of which is derived from Plaintiffs' Amended Complaint and Defendant's failure to appear in the action:

1. Plaintiffs are, and were at the relevant times, the copyright owners or licensees of exclusive rights under the United States Copyright laws with regard to the twelve protected sound recordings set forth in Exhibit A and attached to Plaintiffs' Amended Complaint.

2. Among the rights granted to each of the Plaintiffs under the Act is the exclusive right to reproduce the respective copyrighted recording at issue and to distribute it to the public.

3. Defendant, without Plaintiffs' permission or consent, has used, and continues to use, an on-line media distribution system to download the copyrighted recordings at issue, to distribute them to the public and/or to make them available for distribution to others.

4. There is no evidence now before the Court to suggest that Defendant has ceased in his infringing activities or that, absent the issuance of an injunction, he would do so.

5. Defendant's failure to respond to Plaintiffs' Amended Complaint is indicative of his failure to take seriously the requirements of the Copyright Act and the unlawfulness of his infringing activity.

6. Absent the issuance of injunctive relief, Plaintiffs will continue to suffer irreparable harm.

Based upon the findings, I recommend the entry of a permanent injunction providing as follows:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted recordings identified on Exhibit A to the Amended Complaint and in any other copyrighted sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' recordings"), including without limitation by using the internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' recordings, to distribute (i.e., upload) any of Plaintiffs' recordings, or to make any of Plaintiffs' recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorizations and destroy all copies of those downloaded recordings transferred into any physical medium or device in Defendant's possession, custody or control.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiffs in this action be awarded, as part of the judgment to be entered in this action, statutory damages in the total amount of $9,000, together with a permanent injunction in the form of that set forth above.

Dated: July 25, 2007
       Syracuse, NY

_____
George H. Lowe
United States Magistrate Judge